# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN T. CASTRO,<br><br>    Plaintiffs<br><br>v.<br><br>RONALDO SOSA-SANTOS and UBER TECHNOLOGIES, INC.,<br><br>    Defendants | Case No.: 2:20-cv-00591-APG-BNW<br><br>**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction** |

Defendant Uber Technologies, Inc. removed this action on the basis of diversity jurisdiction. ECF No. 1. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). As the party seeking to invoke this court's jurisdiction, the plaintiff bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). Uber has not met this burden.

First, Uber has not shown complete diversity exists. Uber identifies itself as a "a foreign limited liability company domiciled in the State of Delaware." ECF No. 1 at 3. If true, Uber must identify the citizenship of all of its members to establish complete diversity. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). If Uber is a corporation, then

it must identify where it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Uber also has not shown the amount in controversy is satisfied. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations, alterations, and citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit

2

summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id.* at 376.

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id.* at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id.* at 567.

Here, as in *Gaus*, Uber offers no facts to support the court's exercise of jurisdiction, and the plaintiff's allegations in the complaint provide none. Accordingly, I cannot exercise subject matter jurisdiction in this action. However, before dismissing this action for lack of subject matter jurisdiction and remanding to the state court, I will permit Uber to present any evidence relevant to the amount in controversy at the time of removal.

IT IS THEREFORE ORDERED that defendant Uber Technologies, Inc. shall show cause, in writing, as to why this action should not be remanded to the state court for lack of

3

subject matter jurisdiction. Failure to show cause by April 17, 2020 will result in remand to the state court.

DATED this 30th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE